**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| **COMSCORE, INC.,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:11-CV-290-LMB/TRJ |
| **THE NIELSEN COMPANY (US), LLC,** and **NETRATINGS, LLC** | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS THE NIELSEN COMPANY (US), LLC'S AND NETRATINGS, LLC'S MOTION TO TRANSFER TO THE NORFOLK DIVISION FOR ASSIGNMENT TO THE HONORABLE MARK S. DAVIS**

Defendants The Nielsen Company (US), LLC and NetRatings, LLC (collectively "Nielsen" or "Defendants") submit this memorandum in support of their motion to transfer this case ("the Alexandria Case") pursuant to 28 U.S.C. §§1404(a) and (b) to the Norfolk Division of this District to permit assignment to the Honorable Mark S. Davis.  Judge Davis is presiding over the first-filed and related case entitled *The Nielsen Company (US), LLC v. comScore, Inc.,* Case No. 2:11-cv-00168-MSD/TEM ("the Norfolk Case"), which involves the same parties and counsel, the assertion of various patents that, although none is asserted in both cases, all relate to the same technology for monitoring and measuring online and computer activity, and overlapping discovery (the parties have agreed to the cross-use of the documents in both cases).  Transfer of this case to the Norfolk Division would serve the interests of justice because it would allow for the consolidation of these related actions before the same judge, providing for increased efficiency and judicial economy without prejudicing the parties.

**BACKGROUND FACTS**

*<u>The Norfolk Case.</u>*  On March 15, 2011, Nielsen filed a patent infringement action against comScore, Inc. ("comScore") in this District, alleging that comScore infringes five of Nielsen's patents:

- U.S. Patent No. 6,115,680 ("the '680 patent"), titled "Computer Use Meter and Analyzer";

- U.S. Patent No. 6,418,470 ("the '470 patent"), titled "Metering of Internet Content Using a Control";

- U.S. Patent No. 7,376,722 ("the '722 patent"), titled "Network Resource Monitoring and Measurement System and Method";

- U.S. Patent No. 7,386,473 ("the '473 patent"), titled "Content Display Monitoring by a Processing System"; and

- U.S. Patent No. 7,613,635 ("the '635 patent"), titled "Content Display Monitor," (collectively, "Nielsen's Patents-in-Suit").[1]

Nielsen has accused comScore's online and computer monitoring and measurement systems, methods, and products of infringing Nielsen's Patents-in-Suit.  More specifically, Nielsen has accused comScore's PC and mobile monitoring and measuring systems, methods, and products that include panelist monitoring technology (also referred to as "panel" or "meter" technology) of infringing three of Nielsen's Patents-in-Suit.[2]  Pursuant to the District's process of assigning

---

[1] The complaint in the Norfolk Case is attached hereto as **Exhibit A**.

[2] By way of background and for the Court's reference in this motion only, "panelists" are volunteers who install monitoring software (sometimes known as a "meter") on their computers (including mobile devices), thereby permitting Nielsen to monitor their internet and computer usage.  Data obtained by the monitoring software is aggregated and analyzed by Nielsen to generate ratings and reports on internet usage and viewing trends (*e.g.*, website popularity).

2

patent cases evenly among the divisions, the case was originally assigned to Judge Doumar in the Norfolk Division and subsequently reassigned to Judge Davis.

*The Alexandria Case.*  On March 16, 2011, Nielsen's General Counsel provided a courtesy copy of the complaint in the Norfolk Case directly to comScore's General Counsel. Attached hereto as **Exhibit B**.  Five days later, despite having received a copy of the complaint in the Norfolk Case, comScore filed this separate patent infringement action, failing to identify the Norfolk Case on the civil cover sheet as a related case pending in this District.  *See* Dkt. No. 1-2 (Civil Cover Sheet).  As a result, the case was assigned to this Court in the Alexandria Division.  In the complaint, comScore alleges that Nielsen infringes two claims of U.S. Patent No. 7,260,837, titled "Systems and Methods for User Identification, User Demographic Reporting and Collecting Usage Data Usage Biometrics" ("the '837 patent").  The '837 patent purportedly covers "systems and methods useful in identifying a computer user and the user's demographic and other user specific information for his or her activities on the computer."  Dkt. No. 1 (Complaint) at 3.  Although the '837 patent asserted in the Alexandria Case involved similar technology to the patents asserted in the Norfolk Case, Nielsen did not move for transfer of the Alexandria Case at that time.  Rather, because the complaint in the Alexandria Case involved only one patent, Nielsen decided to leave that limited case as a separate matter.  Thus, on March 25, 2011, Nielsen answered the complaint, asserting affirmative defenses of invalidity and non-infringement.

*Proceedings Thereafter.*  On April 1, 2011, with Nielsen's consent, comScore moved for an extension to respond to the complaint filed in the Norfolk Case.  On April 13, 2011, Magistrate Judge Miller entered an agreed order which memorialized the parties' stipulation

extending comScore's deadline until May 4, 2011. Attached hereto as **Exhibit C.** Accordingly, comScore has not yet responded to the complaint in the Norfolk Case.

Meanwhile, discovery has opened in the Alexandria Case, and on April 13, 2011, the parties filed their joint proposed discovery plan contemplating cross-use of documents produced in the two cases, specifically providing that any documents produced in the Alexandria Case may be used in the Norfolk Case and vice versa, and that any document produced in one case need not be formally produced in the other. *See* Dkt. No. 22 (Proposed Discovery Plan) at 6. In addition, the parties have served their first round of discovery requests and objections. Responses to these discovery requests have not yet been served. The Rule 16(b) conference was held on April 20, 2011, before Magistrate Judge Jones, at which time, Nielsen indicated that it was evaluating the proposed amended complaint to determine whether Nielsen would move to transfer the Alexandria Case to the Norfolk Division for consolidation. During the conference, Judge Jones also alerted the parties that settlement efforts should be global. A scheduling order was issued on the same day of the conference.

On April 22, 2011, comScore filed a motion to amend its complaint in the Alexandria Case, seeking to add new allegations that Nielsen infringes 28 claims of two additional online measurement patents, specifically, U.S. Patent No. 7,930,285 ("the '285 patent"), titled "Systems for and Methods of User Demographic Reporting Usable for Identifying Users and Collecting Usage Data", and U.S. Patent No. 7,849,154 ("the '154 patent"), titled "Acquiring, Storing, and Correlating Profile Data of Cellular Mobile Communications System's Users to Events." Dkt. Nos. 26 (Mot. to Amend), 27-1 (Proposed Amended Complaint). These patents purportedly cover "systems and methods useful in identifying a computer user and the user's demographic and other user specific information for his or her activities on the computer" and "systems and

methods useful in collecting and associating profile data of a mobile device to events of the mobile device," respectively. Dkt. No. 27-1 (Proposed Amended Complaint) at 6-7. comScore also seeks to add indirect infringement claims accusing Nielsen of inducing its "panelists" to infringe comScore's patents when installing and using Nielsen's "panel" or "meter" technology.

Shortly after seeking to amend its complaint, however, on April 28, 2011, comScore filed a revised motion to amend its complaint. In an effort to make the cases appear unrelated, comScore's revised motion dropped the '154 patent entirely from its complaint. In comScore's view, the '154 patent was arguably related to the patents at issue in the Norfolk Case. comScore has notified Nielsen that it plans to raise the '154 patent in a counterclaim in the Norfolk Case. comScore's revised motion, however, did not drop the '285 patent, which, like the patents at issue in the Norfolk Case relate to monitoring and measuring online and computer activity.

## ARGUMENT

comScore's attempt to manufacture two distinct actions in this District is improper. The Norfolk Case and the Alexandria Case involve the same parties, counsel, and technology related to monitoring and measurement of online and computer activities. The cases are far from distinct. Moreover, having realized that its proposed amendments to its complaint in the Alexandria Case further highlight the existing substantial overlap between that case and the first-filed Norfolk Case, comScore now seeks to modify that proposed amended complaint to remove some (but not all) allegations directed to online and computer measurement technology, in an attempt to obfuscate the overlap and to forum shop. *See* Dkt. No. 31 (Revised Mot. to Amend). comScore's attempt, however, should fail. The technology and discovery in both cases overlap regardless which proposed amendment, if any, to comScore's complaint is considered. Therefore, because the Norfolk Case was first-filed, the interests of justice would be advanced by

transfer the Norfolk Division for assignment to Judge Davis. Such a transfer would facilitate consolidation, thereby serving the interest of judicial economy.

**I.      Legal Standard**

Under 28 U.S.C. 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," which decision is "committed to the sound discretion of the district court." *See* 28 U.S.C. § 1404(a); *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007) (citing *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984)). In applying Section 1404, courts "must make two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *JTH Tax*, 482 F. Supp. 2d at 735 (citing *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)). The "interests of justice" prong of the section 1404 analysis "may be decisive in ruling on a transfer motion," regardless of other convenience factors. *See Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006); *see also In re Medrad, Inc.*, No. 586, 1999 U.S. App. LEXIS 17011, at *6 (Fed. Cir. June 25, 1999). Further, when considering transfer of a case to a different forum where a related action is pending, courts generally apply the "first-to-file" rule, "which requires substantially overlapping cases filed in separate fora to be resolved in the forum where the initial case is filed unless a balance of convenience favors the second action." *See Smart Techs., Inc. v. PolyVision Corp.*, No. 3:04CV545, 2004 U.S. Dist. LEXIS 29483, at *5-6 (E.D. Va. Oct. 20, 2004).

Similarly, district courts have discretion under 28 U.S.C § 1404(b) to "transfer a case upon motion, 'from the division in which [it is] pending to any other division in the same district.'" *See Gibb v. Cox Media, LLC*, No. 3:10-CV-656, 2010 U.S. Dist. LEXIS 118335, at *3

(E.D. Va. Nov. 8, 2010) (citing 28 U.S.C § 1404(b)); *see also Xcoal Energy & Res. LP v. Smith*, No. 2:07CV00057, 2009 U.S. Dist. LEXIS 115450, at *2 (W.D. Va. Dec. 11, 2009) (stating that "[u]nder 1404(b), a party may move for the transfer of a proceeding to another division within the judicial district where the case originated") (citing *Clinton Foods, Inc. v. United States*, 188 F.2d 289, 293 (4th Cir. 1951)).

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is appropriate when actions involve common questions of law and fact. *See* Manual for Complex Litigation, Fourth, § 10.123, at 11-12 (2004). Rule 42(a), provides that: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42(a) to consolidate causes that are pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) (citing 9 Wright & Miller, Federal Practice and Procedure § 2384, at 272 (1971)); *see also Norfolk Dredging Co. v. Phelps*, No. 2:06cv156, 2006 U.S. Dist. LEXIS 80558, at *7 (E.D. Va. Nov. 2, 2006) (citing *A/S J. Ludwig Mowinckles Rederi*, 559 F.2d at 933).

## II. Venue In The Norfolk Division Is Proper.

As an initial matter, transfer to the Norfolk Division is permissible under 28 U.S.C. §1404, as the case "might have been brought" in that division. Specifically, 28 U.S.C. §1400 governs proper venue in patent cases. *See, e.g.*, *LG Elecs., Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 809-10 (E.D. Va. 2001) (holding that under Section 1400, "[t]he special venue provision for patent-infringement actions," venue is proper in any district where defendant corporation is subject to personal jurisdiction). Section 1400 requires only that a case

be brought in the proper "judicial district," mandating nothing regarding the proper "division." *See* 28 U.S.C. §1400. The parties do not dispute that venue is proper in this judicial *district*; thus under Section 1400, venue would have been appropriate in any *division*, including the Norfolk Division. *See, e.g.*, *Technograph Printed Circuits, Ltd. v. Packard Bell Elecs. Corp.*, 290 F. Supp. 308, 325 n.14 (C.D. Cal. 1968) (holding that "1400(b) puts venue in *Districts* and not *Divisions*" and thus the action "might have been brought" in the division to which the action was transferred) (emphasis added). Indeed, comScore tacitly admits that Norfolk is a proper venue for its claims by representing to Defendants that it will seek to assert at least the '154 patent in a counterclaim to the Norfolk Case.

### III. The First-To-File Rule Dictates That This Case Should Be Transferred To Norfolk.

Nielsen was first to file, and for that reason this related action should be transferred to the Norfolk Division for Judge Davis to consider consolidation. *See Smart Techs.*, 2004 U.S. Dist. LEXIS 29483, at *5-8; *Byerson*, 467 F. Supp. 2d at 635-36. In the Eastern District of Virginia, "the first to file rule should not be departed from unless there are extraordinary circumstances." *See, e.g.*, *Old Republic Nat'l Title Ins. Co. v. Transcon. Title Co.*, No. 1:07-cv-525, 2007 U.S. Dist. LEXIS 74354, at *8 (E.D. Va. Oct. 4, 2007). When applying the first-to-file rule, "the actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties." *Byerson*, 467 F. Supp. 2d at 635-36.

The first-to-file rule should be applied because there is substantial overlap in the parties and issues in both the Norfolk and Alexandria cases. comScore cannot dispute that the parties (and counsel) are the same in both actions. Moreover, both actions relate to the parties' online measurement technologies. *See infra* Section IV(A). The first-to-file rule has been applied to transfer a related case where the parties filed competing patent actions asserting different patents

in the same general area of technology. *Smart Techs.*, 2004 U.S. Dist. LEXIS 29483, at *1-4, 10. Specifically, in *Smart Techs*., both parties owned competing patents related to "interactive whiteboard" technology; one party had asserted infringement of its "interactive whiteboard" patents in an action in the Western District of Michigan, and the other party asserted infringement of its own "interactive whiteboard" patents in a later-filed action in the Eastern District of Virginia. *See id*. Applying the first-to-file rule, the district court in the Eastern District of Virginia transferred the later-filed action, stating:

> [T]hese parallel cases hinge on a court's determination of the same issue: which party violated whose "interactive whiteboard" technology patents. The patents involved in the two cases may or may not be identical. However, they are substantially similar in that all the patents at issue involve "interactive whiteboard" technology components. Litigating this singular issue in two different courts could result in conflicting judgments, undermining the enforcement of a court's decision. Thus, judicial economy calls for the consolidation of these cases.

*See id*. at *7-8. As in *Smart Techs.*, the Norfolk and Alexandria cases relate to "which party violated whose" online measurement patents. Because Nielsen filed its Complaint on March 15, 2011, a week before comScore filed its Complaint on March 22, 2011, this Court should apply the first-to-file rule and transfer this action to the Norfolk Division.

**IV.    The Interests Of Justice Favor Transfer Because The Norfolk Case And The Alexandria Case Involve Common Questions Of Fact And Law.**

Transfer and consolidation of the cases is appropriate here. There are unquestionably common issues of fact and law between this case and Nielsen's first-filed case against comScore in Norfolk. The parties in both cases are the same (even the lawyers are the same). The patents asserted in the Norfolk Case and in the Alexandria Case both involve technology related to monitoring and measurement of online and computer activities. Further, due to the similarity in the technology at issue in both cases, discovery will substantially overlap, making transfer to facilitate consolidation entirely appropriate. *See Smart Techs.*, 2004 U.S. Dist. LEXIS 29483, at

9

\*5-8; *see also In re Medrad*, 1999 U.S. App. LEXIS 17011, at \*8 (transfer of action for consolidation appropriate where cases involved the same parties, similar products, and similar technology).

When the Alexandria Case was a narrow and focused inquiry into two claims of the '837 patent (even though it covered related technology), Nielsen decided to handle that limited case quickly as a separate matter; however, Plaintiff's proposed amendments to its complaint would significantly expand discovery in the Alexandria Case, much of which would now overlap with discovery in the Norfolk Case. *See In re Medrad*, 1999 U.S. App. LEXIS 17011, at \*9 (transfer of actions for consolidation appropriate where cases became more directly related and overlapping after complaint was amended). It no longer makes sense for the two related actions to proceed simultaneously in separate divisions of the same judicial district. Indeed, that would lead to duplication of efforts, increased costs for the parties, and a waste of judicial resources. As outlined below, the interests of justice counsel for the transfer of this action to Norfolk— because such interests "may be *decisive* in ruling on a transfer motion," irrespective of other convenience factors, transfer is appropriate. *See Byerson*, 467 F. Supp. 2d at 635 (transferring case for purposes of consolidating related, but not identical, actions) (emphasis added); *see also In re Medrad, Inc.*, 1999 U.S. App. LEXIS 17011, at \*6.

      A.      **The Technology In Both Cases Overlaps.**

The interests of justice favor transfer of this case to Norfolk for consolidation, as the technology in these two cases largely overlap. *See Smart Techs.*, 2004 U.S. Dist. LEXIS 29483, at \*7-8 (transferring a patent case for consolidation with a first-filed action, where the two cases involved the same general technology). All the patents at issue are related to monitoring and measuring online and computer activities. More specifically, both parties' allegations of

infringement implicate "panel" or "meter" technology. For example, comScore has expressly accused Nielsen's "desktop meter" or "proprietary monitoring software" of infringing its patents in this case. *See* Dkt. No. 1 (Alexandria Complaint) at 3-4 (asserting that "Nielsen has referred to its proprietary monitoring software as . . . 'desktop meter,'" and that "Nielsen is liable for infringement . . . in connection with Nielsen's proprietary monitoring software."). Nielsen has likewise implicated comScore's "panelist monitoring software" in the first-filed Norfolk Case. *See* **Exhibit A** (Norfolk Complaint) at 4 (asserted infringement based on, *inter alia*, "comScore products and/or services that include panelist monitoring software").

Furthermore, comScore's proposed amendments to its complaint underscore the increased overlap in the relevant technology. First, comScore seeks to add claims that Nielsen induced customers to infringe by having them download and install monitoring software onto their computers—precisely the types of monitoring technology also at issue in the Norfolk Case. *Compare,* Dkt. No. 27-1 (Proposed Amended Complaint) at 5 (asserting induced infringement by "users of Nielsen's proprietary monitoring software . . . [b]y downloading and installing Nielsen's software and subsequently accessing the Internet"); *with* **Exhibit A** (Norfolk Complaint) at 4 (accusing, *inter alia*, "comScore products and/or services that include panelist monitoring software").

Second, comScore's originally proposed amended complaint would have generated even more overlap with the Norfolk Case by seeking to add claims related to mobile measurement technology, which is also specifically accused and at issue in the Norfolk Case. *See* Dkt. No. 27-1 (Proposed Amended Complaint) at 8 (accusing Nielsen's "proprietary mobile monitoring software"); **Exhibit A** (Norfolk Complaint) at 3-4 (accusing, *inter alia,* comScore's mobile products, including "Ad Metrix Mobile . . . Mobile Advisor, [and] Plan Metrix Mobile").

Recognizing the evident overlap in the mobile technology, comScore now seeks to drop these claims from its amended complaint in this case. *See* Dkt. No. 31 (Revised Mot. to Amend). But no matter how comScore attempts to divide its claims between Alexandria and Norfolk, the overlap remains. The patents that would remain in comScore's further revised amendments still relate to the monitoring and measuring technology at issue in the Norfolk Case.

### B.     Discovery In Both Cases Will Be Duplicative.

Due to the overlapping parties and technology, the necessary discovery in both matters will be largely duplicative, which also counsels for transfer in order to consolidate. For example, certain categories of documents are likely discoverable in both cases, because they relate to damages and/or infringement; these include (a) technical specifications and source code for each party's monitoring and measurement technology (including "panel" or "meter" technology), (b) each Party's customer product information, and (c) each party's financial documents. Indeed, recognizing early the possibility of overlapping documents productions, the parties specifically agreed that the same discovery in the Alexandria Case would be used in the Norfolk Case, and vice versa. *See* Dkt. No. 22 (Proposed Discovery Plan) at 6. Moreover, because monitoring and measurement technology is involved in both matters, it is likely that the same departments within comScore and Nielsen will be implicated in both cases, and that many of the same witnesses from each side will need to be deposed and/or testify at trial. For that matter, given the similar nature of the online measurement technology at issue, the same expert witnesses will likely consult and provide testimony in both cases.

## V.     The Parties Will Not Be Prejudiced By The Transfer.

Finally, comScore will not be prejudiced if this case is transferred and consolidated with the first-filed Norfolk Case, a division in the same judicial district of this action. This is not a

cross-country transfer or even a transfer between Virginia districts, but merely a transfer between divisions in the *same* district in the *same* state.  Indeed, any argument that the Norfolk Division is somehow less convenient than the Alexandria Division is belied by the fact assignment of *any* patent case to a particular division is governed by the District's practice of evenly distributing patent cases among the divisions.  Either Nielsen's case, comScore's case, or both, could have been assigned by the clerk's office to any of the four divisions in this District, and the parties could not have challenged this assignment as "inconvenient."  Further, there is no dispute that very little has occurred in either case; the Alexandria Case is still in the pleading stages as comScore has just sought leave to amend its complaint for the second time in a week.  *See* Dkt. No. 31 (Revised Mot. to Amend).  In addition, there is a substantial danger of inconsistent adjudications involving similar technologies if the related actions are tried before different juries. *See Smart Techs.*, 2004 U.S. Dist. LEXIS 29483, at *7-8.

## CONCLUSION

Nielsen respectfully requests that this action be transferred to the Norfolk Division because the Norfolk Case was first-filed and the same parties, attorneys, and technology are at issue in both.  Once transferred, Nielsen requests that the case be assigned to Judge Davis, who can decide the extent to which the actions should be coordinated and consolidated under Rule 42(a) to maximize efficiency.

Dated:  April 29, 2011                    Respectfully submitted,


                                           /s/ Walter D. Kelley, Jr.
                                          _____
                                          Walter D. Kelley, Jr. (VSB No. 21622)
                                          Tara Lynn R. Zurawski (VSB No. 73602)
                                          JONES DAY
                                          51 Louisiana Avenue, NW
                                          Washington, DC  20001
                                          Tel:    (202) 879-3939
                                          Fax:    (202) 626-1700
                                          Email: wdkelley@jonesday.com
                                          Email: tzurawski@jonesday.com

                                          *Of Counsel:*

                                          Tharan Gregory Lanier (*Pro Hac Vice*)
                                          Joe C. Liu (*Pro Hac Vice*)
                                          Heather N. Fugitt (*Pro Hac Vice*)
                                          JONES DAY
                                          1755 Embarcadero Road
                                          Palo Alto, CA  94303
                                          Tel:    (650) 739-3939
                                          Fax:    (650) 739-3900
                                          Email: tglanier@jonesday.com
                                          Email: jcliu@jonesday.com
                                          Email: hfugitt@jonesday.com

                                          Steven J. Corr (*Pro Hac Vice*)
                                          JONES DAY
                                          555 South Flower Street, Fiftieth Floor
                                          Los Angeles, CA  90071-2300
                                          Tel:    (213) 489-3939
                                          Fax:    (213) 243-2539
                                          Email: sjcorr@jonesday.com

                                          ***Counsel for Defendants The Nielsen Company (US), LLC and NetRatings, LLC***

## **CERTIFICATE OF SERVICE**

I certify that on April 29, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system which will send notification to the following ECF participants:

Stephen E. Noona
KAUFMAN & CANOLES, PC
150 W. Main Street, Suite 2100
Norfolk , VA 23510
Email: senoona@kaufcan.com

Steven E. Robertson
Richard L. Rainey
Kevin B. Collins
Paul A. Ainsworth
Lindsay B. Burke
Brian C. Bieluch
Erica N. Andersen
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Email: srobertson@cov.com
Email: rrainey@cov.com
Email: kcollins@cov.com
Email: painsworth@cov.com
Email: lburke@cov.com
Email: bbieluch@cov.com
Email: eandersen@cov.com

Dated: April 29, 2011

/s/ Walter D. Kelley, Jr.
_____
Walter D. Kelley, Jr. (VSB No. 21622)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC  20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com

*Counsel for Defendants The Nielsen Company (US), LLC and NetRatings, LLC*