**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| COMSCORE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.1:11-CV-290-LMB-TRJ |
| | ) | |
| THE NIELSEN COMPANY (US), LLC | ) | |
| and NETRATINGS, LLC  d/b/a | ) | |
| NIELSEN ONLINE, | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff comScore, Inc. ("comScore"), by its attorneys, for its first amended

complaint against The Nielsen Company (US), LLC and NetRatings, LLC (collectively,

"Nielsen"), alleges as follows:

**<u>The Parties</u>**

1.      Plaintiff comScore is a corporation organized and existing under the laws

of Delaware and has its headquarters at 11950 Democracy Drive, Suite 600, Reston, Virginia

20190.  Plaintiff conducts business within the Eastern District of Virginia.

2.      Defendant The Nielsen Company (US), LLC is a limited liability company

organized and existing under the laws of Delaware, and has its principal place of business at 770

Broadway, New York, New York 10003.  Upon information and belief, Defendant The Nielsen

Company (US), LLC conducts substantial business within the Commonwealth of Virginia,

including *inter alia*, analyzing data received from computer users residing in the Commonwealth

and selling its analysis of such data to customers within the Commonwealth.

3.     Upon information and belief, Defendant NetRatings, LLC is a Delaware limited liability company doing business as Nielsen Online with its principal place of business at 770 Broadway, New York, New York 10003.  Upon information and belief, Defendant NetRatings, LLC is registered to do business in the Commonwealth of Virginia and conducts substantial business within the Commonwealth of Virginia, including *inter alia*, analyzing data received from computer users residing in the Commonwealth and selling its analysis of such data to customers within the Commonwealth.

## Jurisdiction and Venue

4.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, for infringement of United States Patent Nos. 7,260,837 ("the '837 patent"); and 7,930,285 ("the '285 patent").  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Defendant The Nielsen Company (US), LLC is subject to personal jurisdiction in this judicial district by virtue of, *inter alia*, its registration to do business in the Commonwealth of Virginia and its conduct of substantial and continuing business in the Commonwealth.

6.     Defendant NetRatings, LLC is subject to personal jurisdiction in this judicial district by virtue of, *inter alia*, its registration to do business in the Commonwealth of Virginia and its conduct of substantial and continuing business in the Commonwealth.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## Claim I (for Direct Infringement of the '837 Patent)

8.      comScore realleges paragraphs 1 through 7 above as if fully set forth herein.

9.      On August 21, 2007, the United States Patent and Trademark Office duly and legally issued the '837 patent, entitled "Systems and Methods for User Identification, User Demographic Reporting and Collecting Usage Data Usage Biometrics."  A true and correct copy of the '837 patent is attached hereto as Exhibit A.

10.     comScore is the owner of the '837 patent, which discloses and claims, *inter alia*, systems and methods useful in identifying a computer user and the user's demographic and other user specific information for his or her activities on the computer.

11.     Upon information and belief, Nielsen recruits computer users, including residents of the Commonwealth of Virginia, to serve on "online panels" and have their online viewing and purchasing habits tracked as part of Nielsen's "Online Measurement" efforts.  In the United States, Nielsen claims to measure the activity of more than 200,000 Internet users across more than 30,000 sites.  Nielsen also claims to measure the activity of 500,000 Internet users worldwide.  The Internet users install, or authorize Nielsen to install, Nielsen proprietary monitoring software.  Upon information and belief, this software provides information allowing Nielsen to identify users by comparing accumulated mannerism data to mannerism data associated with a specific user.  Upon information and belief, Nielsen has referred to its proprietary monitoring software as "NetRatings," "NetRatingsNetSight," and/or "desktop meter."

12.     Upon information and belief, Nielsen is liable for infringement of at least claims 9 and 17 of the '837 patent under 35 U.S.C. § 271(a) by virtue of at least its current and

past efforts, in connection with its proprietary monitoring software, to make, use, sell, and/or offer to sell the methods and systems disclosed and claimed in the '837 patent.

13.     Upon information and belief, Nielsen has had actual and constructive notice of the '837 patent at all relevant times.  For example, comScore employees have openly discussed and touted comScore's patented technology at one or more industry forums where Nielsen employees and agents were present and concurrently presenting.

14.     Upon information and belief, Nielsen has knowingly or with reckless disregard infringed the '837 patent.  Nielsen acted despite an objectively high risk that its actions constituted infringement of comScore's '837 patent.  comScore further alleges that Nielsen will continue to willfully infringe the '837 patent subsequent to the filing of this complaint unless it is enjoined by this Court.  comScore seeks enhanced damages pursuant to 35 U.S.C. § 284.

15.     As a direct and proximate result of Nielsen's acts of patent infringement, comScore has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

16.     comScore is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Nielsen from continuing to infringe the '837 patent.  comScore will be irreparably harmed if Nielsen is not enjoined from infringing.

### Claim II (for Indirect Infringement of the '837 Patent)

17.     comScore realleges paragraphs 1 through 16 above as if fully set forth herein.

18.     Upon information and belief, users of Nielsen's proprietary monitoring software ("online panelists") directly infringe at least claim 17 of the '837 patent.  By

downloading and installing Nielsen's software and subsequently accessing the Internet, online panelists put the claimed invention of at least claim 17 of the '837 patent into use.

19.     Upon information and belief, Nielsen is liable for actively inducing infringement of the '837 patent under 35 U.S.C. § 271(b).  Nielsen has and continues to offer financial and other incentives to recruit online panelists with the specific intent that the online panelists should infringe the '837 patent.

20.     Upon information and belief, Nielsen has knowingly or with reckless disregard induced infringement of the '837 patent.  Nielsen acted despite an objectively high risk that its actions constituted inducement of the infringement of comScore's '837 patent.  comScore further alleges that Nielsen will continue to willfully induce infringement of the '837 patent subsequent to the filing of this complaint unless it is enjoined by this Court.  comScore seeks enhanced damages pursuant to 35 U.S.C. § 284.

21.     As a direct and proximate result of Nielsen's acts of inducement, comScore has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

22.     comScore is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Nielsen from continuing to indirectly infringe the patent.  comScore will be irreparably harmed if Nielsen is not enjoined from inducing infringement.

### Claim III (for Direct Infringement of the '285 Patent)

23.     comScore realleges paragraphs 1 through 22 above as if fully set forth herein.

24.     On April 19, 2011, the United States Patent and Trademark Office duly and legally issued the '285 patent, entitled "Systems for and Methods of User Demographic Reporting Usable for Identifying Users and Collecting Usage Data."  A true and correct copy of the '285 patent is attached hereto as Exhibit B.

25.     comScore is the owner of the '285 patent, which discloses and claims, *inter alia*, systems and methods useful in identifying a computer user and the user's demographic and other user specific information for his or her activities on the computer.

26.     Upon information and belief, Nielsen recruits computer users, including residents of the Commonwealth of Virginia, to serve on "online panels" and have their online viewing and purchasing habits tracked as part of Nielsen's "Online Measurement" efforts.  In the United States, Nielsen claims to measure the activity of more than 200,000 Internet users across more than 30,000 sites.  Nielsen also claims to measure the activity of 500,000 Internet users worldwide.  The Internet users install, or authorize Nielsen to install, Nielsen proprietary monitoring software.  Upon information and belief, this software provides information allowing Nielsen to identify users by comparing accumulated mannerism data to mannerism data associated with a specific user.  Upon information and belief, Nielsen has referred to its proprietary monitoring software as "NetRatings," "NetRatingsNetSight," and/or "desktop meter."

27.     Upon information and belief, Nielsen is liable for infringement of at least claims 1, 5, 6, 23–26, 29–31, 33–35, 39, and 40 of the '285 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its proprietary monitoring software, to make, use, sell, and/or offer to sell the methods and systems disclosed and claimed in the '285 patent.

28.     As a direct and proximate result of Nielsen's acts of patent infringement, comScore has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

29.     comScore is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Nielsen from continuing to infringe the patent.  comScore will be irreparably harmed if Nielsen is not enjoined from infringing.

### Prayer For Relief

WHEREFORE, comScore seeks the following relief:

A.     A judgment that Defendants directly or indirectly infringe and have infringed the '837 and '285 patents under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction restraining and enjoining Defendants and their officers, agents, servants and employees, and those persons in active concert or participation with any of them, from making, using, inducing others to use, selling, or offering to sell their proprietary software to identify unique computer users;

C.     A preliminary and permanent injunction restraining and enjoining Defendants and their officers, agents, servants and employees, and those persons in active concert or participation with any of them, from making, using, inducing others to use, selling, or offering to sell their proprietary software to collect data on mobile device users;

D.     An award of damages to comScore and against Defendants sufficient to compensate comScore for Defendants' direct or indirect infringement of the '837 and '285 patents;

E.     Pre-judgment and post-judgment interest and costs against Defendants, together with an award of costs and expenses in this action, in accordance with 35 U.S.C. § 284;

       F.      A finding that Defendants' direct or indirect infringement of the '837 patent is willful and that comScore's damages be trebled, pursuant to 35 U.S.C. § 284;

       G.      A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

       H.      Such further and other relief as this Court determines to be just and proper.

## Jury Demand

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 9, 2011

*/s/ Erica N. Andersen* _____
Erica N. Andersen (VSB No. 76466)
Lindsay B. Burke (VSB No. 72773)
Richard L. Rainey (*pro hac vice*)
Kevin B. Collins (*pro hac vice*)
Brian Bieluch (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
eandersen@cov.com
lburke@cov.com
kcollins@cov.com
rrainey@cov.com
bbieluch@cov.com
Tel: (202) 662-6000
Fax: (202) 662-6291

Stephen E. Noona (VSB No. 25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tel: (757) 624-3000
Fax: (757) 624-3169
senoona@kaufcan.com

*Attorneys for Plaintiff comScore, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 9th day of May 2011, I will electronically file the foregoing *First Amended Complaint* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Walter D. Kelley, Jr.
Tara Lynn R. Zurawski
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Tel:  (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com
        tzurawski@jonesday.com

*Counsel for Defendants*

/s/ Erica N. Andersen
Erica N. Andersen (VSB # 76466)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, D.C. 20004-2401
Telephone: (202) 662-5549
Fax: (202) 778-5549
eandersen@cov.com

*Counsel for Plaintiff*