**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| COMSCORE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:11-CV-290-LMB-TRJ |
| THE NIELSEN COMPANY (US), LLC, and NETRATINGS, LLC d/b/a NIELSEN ONLINE, | ) ) ) ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) ) | |

**PLAINTIFF COMSCORE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY REGARDING MODIFICATION OF NIELSEN'S NETSIGHT SYSTEM BY REMOVING INDIVIDUALIZATION MODULES**

Nielsen should be excluded from offering evidence about the possible or theoretical functionality of the NetSight system, the accused instrumentality in this case, if its Individualization process ("IDV") executes on panelist data with fewer than all eight IDV modules.

Mr. Brett Reed, Nielsen's proposed expert on damages, relies on a single telephone conversation with a Nielsen employee and Nielsen lawyers to establish that removing modules from the IDV process would create an acceptable, noninfringing alternative NetSight system with a resulting 60% success rate. Nielsen, however, has put forward no factual support or expert testimony that removing modules from the IDV process would result in a usable, working alternative system. The 60% number offered by Mr. Reed as well as any additional calculations regarding the functionality of a revised NetSight system—calculations that require specialized knowledge and technical work—are inadmissible, improper expert testimony. Any

attempt by Nielsen to make arguments or introduce evidence regarding a theoretically modified NetSight system must be excluded.

## BACKGROUND

To report data regarding online activity, Nielsen's accused NetSight system includes a process that it refers to as Individualization or IDV. Nielsen collects data from the machines of individuals who have joined Nielsen's panel and then attempts to match the individual user, and his or her particular demographic characteristics, with a particular online session. Keane Decl., Ex. A at ¶ 120; Keane Decl., Ex. B at N-COM00020257–58; Keane Decl., Ex. C at N-COM00026716. The IDV process that Nielsen uses to match captured measurement information with a specific user consists of eight modules: URL Parsing, Demographic, History, Biometric, Biometric Name, Win XP Login, Profile, and Timestamp. Keane Decl., Ex. C at N-COM00026716. Each module provides a score for each member of a household. A member's scores from the modules are weighted and summed to provide a total score that is used to determine which member of the household should be assigned to the online session. *Id.*

In Mr. Reed's July 29, 2011 Rebuttal Expert Report, he consistently relies on an assumption provided by Herbert Stackhouse, a Nielsen employee, during a one hour conversation that IDV modules can be removed from the NetSight system and the system can still achieve acceptable results. *See, e.g.*, Keane Decl., Ex. D at 37. During that conversation Mr. Stackhouse provided his "best estimate" of the success rate of a purported noninfringing alternative—using only three of the eight IDV modules. Keane Decl., Ex. E at 253:2–253:8. Mr. Reed uses as the basis for much of his analysis Mr. Stackhouse's "opinion about it being a 60 percent result," *id.* at 251:22–252:8, even though Mr. Reed is "not aware of a document that identifies the performance of the three of them together." *Id.* at 245:22–246:17. Mr. Reed

further states "[t]he 60% estimate is based on [Mr. Stackhouse's] experience recognizing the result varies over time and under various circumstances."  Keane Decl., Ex. D at 37 n.75.

Mr. Reed relies on this 60% estimate as a basis for many of his opinions, particularly with respect to the availability of noninfringing alternatives.[1]  Mr. Reed also appears to suggest that Nielsen could successfully modify the NetSight system by removing modules from the IDV process in many different combinations, Keane Decl., Ex. D at 62, but again does not provide any support for this point other than his brief conversation with Mr. Stackhouse.  *Id.* at 62 n.115.

No expert reports nor Fed. R. Civ. P. 26 disclosures have been served by Nielsen that propose testimony relating to the functionality of the NetSight system with fewer than eight IDV modules.  Neither Dr. Benjamin Goldberg, Nielsen's proposed technical expert, nor Mr. Reed have offered their own opinions about the efficacy of a revised system.  Keane Decl., Ex. F at 136:15–137:11 (Dr. Goldberg stated: "I don't know, sitting here, which modules you can turn off and still have reasonable performance in terms of identifying users."); Keane Decl., Ex. E at 252:9–14 (Mr. Reed stated: "Q: So it's not your opinion the success rate would be 60 percent.  You're opining on a statement by Mr. Stackhouse to you?  A: Based on his analysis, his experience, his understanding for many years in this industry, yes.").  Mr. Stackhouse as well as other Nielsen employees are expressly listed as a potential fact witnesses on Nielsen's trial witness list, Dkt. No. 106, not as expert witnesses.

---

[1] For a more detailed explanation of the extent of Mr. Reed's improper reliance on the availability of noninfringing alternatives, comScore refers the Court to Plaintiff comScore's Motion to Exclude Certain Opinions of Mr. Brett Reed, filed contemporaneously with this motion.

**ARGUMENT**

I.  **The Functionality Of Nielsen's NetSight System With Less Than The Standard Eight IDV Modules Is Quintessentially A Matter Of Expert Testimony.**

The distinction between lay and expert testimony is well established. "[L]ay testimony 'results from a process of reasoning familiar in everyday life' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701 advisory committee notes (2000 Amendments) (*quoting State v. Brown*, 836 S.W.2d 530, 549 (1992)). For example, an expert can address hypothetical situations while lay witnesses are limited to opinions and facts based on first-hand knowledge. *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000). Courts must be cautious in allowing "admission of expert testimony dressed in lay witness clothing." *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006).

If a party intends to offer expert testimony at trial, it is required to comply with the disclosure requirements under the Federal Rules of Civil Procedure and with the Local Rules. *See Wright v. Commonwealth Primary Care, Inc.*, 2010 WL 4623998, at *6 (E.D. Va. Nov. 2, 2010) (excluding expert opinions for failure to properly disclose those opinions). Fed. R. Civ. P. 26(a)(2)(B) governs the requirements for expert disclosures of retained experts and employees regularly involved in giving expert testimony. Fed. R. Civ. P. 26(a)(2)(C) requires disclosures from witnesses who will be offering expert testimony, but are not required to submit reports pursuant to subsection (B), such as an employee of a party (*e.g.*, Mr. Stackhouse) who does not regularly provide expert testimony. Fed. R. Civ. P. 26(a)(2)(C); Fed. R. Civ. P. 26 advisory committee (2010); *Miller v. United States*, 2011 WL 3440753, at *4 (E.D.N.C. Aug. 8, 2011) (requiring disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C) for "hybrid" fact and expert witness). Subsection (a)(2)(C) was added to the Federal Rules in 2010 to resolve tensions over

4

whether reports are required for certain testimony, making clear that at least a summary of opinions and bases for those opinions are required for *all* expert testimony. Fed. R. Civ. P. 26 advisory committee notes (2010); Fed. R. Civ. P. 37(c)(1) ("If a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness . . . at a trial unless the failure was substantially justified or harmless."). In addition, Local Rule 26(D) sets deadlines for required disclosure of expert opinions in the absence of a court order. *See* E.D. Va. Loc. R. 26(D). That deadline, pursuant to a court order, passed on July 1, 2011 in this case. Dkt. No. 22; Dkt. No. 24.

### A. Any testimony offered by Nielsen regarding the functionality of NetSight with fewer than eight IDV modules is Rule 702 expert opinion testimony.

Nielsen has not disclosed any documents or expert opinions that show Nielsen can create a noninfringing alternative with fewer than all eight modules. In the absence of factual information addressing the functionality of subsets of these eight modules, a determination of whether the IDV process is in fact functional with fewer than eight modules requires "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Information that Nielsen has produced shows that Nielsen keeps track of activity rates and accuracy rates for the individual modules when all eight modules are in use. Keane Decl., Ex. C at N-COM00026718. In addition, IDV weights each module's scores based on the accuracy of the particular module. Keane Decl., Ex. A at ¶ 143.

Calculating efficacy rates for combinations of Nielsen's IDV modules necessarily requires specialized knowledge and sophisticated statistical calculations—analytical work that would fall squarely within Rule 702. *See James River Insurance Co. v. Rapid Funding, LLC*, __ F.3d __, 2011 WL 4860188, at *7 (10th Cir. Aug. 29, 2011) (explaining that lay opinion testimony involving "elementary mathematical operations" is admissible while "sophisticated

5

economic models" concerning "moving averages, compound growth rates, and S-curves" are not (internal citations omitted)). Courts have consistently held that testimony regarding technical issues, particularly with respect to computer software, is expert testimony. *See, e.g., Worldwide Network Services, LLC v. Dyncorp Int'l, LLC*, 2008 WL 4372704, at *16 (E.D. Va. Sept. 22, 2008) *aff'd in part, rev'd in part,* 365 Fed. App'x 432, 443–44 (4th Cir. 2010) (finding expert testimony relating to information technology and communications to be expert testimony); *United States v. Ganier*, 468 F.3d 920, 928 (6th Cir. 2006) (finding computer-related testimony, including reading forensic software reports, to be knowledge "well beyond that of the average layperson").

The 2000 Amendments to Rule 701 make clear that opinion testimony from a witness based on specialized and technical knowledge is properly the subject of Rule 702. Fed. R. Evid. 701 advisory committee notes (2000 Amendments). The 2000 Amendments sought to ensure that parties did not improperly disguise expert testimony in the form of lay testimony in order to avoid the disclosure requirements associated with expert testimony. *Id.* A hypothetical determination of whether and how well combinations of the eight IDV modules would function extends well beyond the reasoning of a typical juror, requires specialized knowledge, and thus falls squarely within the bounds of Rule 702. *Certain Underwriters at Lloyd's, London*, 232 F.3d at 203 ("[u]nlike a lay witness under Rule 701, an expert can answer hypothetical questions").

Mr. Reed even characterizes the assumptions in his report about the efficacy of using fewer than all eight modules as expert testimony. He states that the 60% figure is Mr. Stackhouse's "opinion" based on his "experience." Keane Decl., Ex. E at 251:22–252:14. *See U.S. v. $17,891.89 in Funds from Union Bank & Trust Account Number 342934201*, 2011 WL

6

1883985, at *3 (E.D. Va. May 17, 2011) (excluding proffered opinion testimony from a lay witness where the testimony was based on "training and experience").

### B. Nielsen has not provided any expert disclosures for testimony regarding the functionality of NetSight with fewer than eight IDV modules.

Dr. Goldberg, Nielsen's technical expert, when asked about the ability to utilize fewer than all eight modules, admitted that he did not "have that information" and "[t]hat's not what [he] was asked to consider." Keane Decl., Ex. F at 136:3–138:7. This came as no surprise as his expert report made only cursory statements about the theoretical possibility that NetSight could operate properly with fewer than all eight IDV modules. *See* Keane Decl., Ex. G at ¶ 266.

Mr. Reed, who relies on Mr. Stackhouse's 60% estimate throughout his expert report, cites only one hour long telephone conversation as the basis for his assumption that using fewer modules would be an acceptable noninfringing alternative. He also made clear that the 60% success rate was not his own opinion, Keane Decl., Ex. E at 251:22–252:8, and instead "[t]he 60% estimate is based on [Mr. Stackhouse's] experience recognizing the result varies over time and under various circumstances," Keane Decl., Ex. D at 37 n.75. Nielsen has not provided any written disclosures for other witnesses, including Mr. Stackhouse who is listed on Nielsen's trial witness list as a *fact* witness. Dkt. No. 106. Any attempt by Nielsen to offer opinion testimony regarding the functionality of the IDV process with fewer than eight modules would be without the necessary disclosures required by Rule 26. Therefore, any such testimony must be excluded. *See Wright*, 2010 WL 4623998, at *6; Fed. R. Civ. P. 37(c)(1).

Because testimony regarding whether Nielsen's IDV process can operate with fewer than eight modules amounts to expert testimony under Fed. R. Evid. 702, Nielsen was required to submit a report or disclosure setting forth the basis for any such opinion. Fed. R. Civ. P. 26(a)(2)(B), (C). Nielsen has not met this requirement and therefore any proffered opinions

must be excluded.  *See* Fed. R. Civ. P. 37(c)(1).

**II.     Any Opinions Offered Regarding The Use Of NetSight Without All Eight IDV Modules Should Be Excluded As Prejudicial Under Rule 403.**

If testimony regarding the functionality of the NetSight system with fewer than eight IDV modules is not excluded as improper expert testimony, then it should be excluded under Rule 403 because the introduction of such uncorroborated, untested, and undisclosed testimony would be misleading to the jury, create a substantial risk of juror confusion, and be unduly prejudicial to comScore.  Fed. R. Evid. 403; *Tony Guiffre Distrib. Co., Inc. v. Washington Metro. Area Transit Auth.*, 740 F.2d 295, 297 (4th Cir. 1984) ("[E]ven if [evidence] had marginal relevance, it was properly excluded under rule 403 because of the likelihood that it would mislead the jury.")

Instead of relying on documents and proper expert testimony, Nielsen and its experts have cited only to speculation from a Nielsen employee to support its assertions regarding noninfringing alternatives.  Mr. Reed even recognizes this fact since he consistently refers to Mr. Stackhouse's opinion as an "estimate."  *See, e.g.*, Keane Decl., Ex. E at 253:2–253:8; Keane Decl., Ex. D at 37 n.75.  A jury could easily be confused or misled by introduction of opinions from Nielsen's witnesses that do not have a reliable factual basis.  This is particularly true if Nielsen seeks to introduce this testimony through an expert witness because "expert witnesses have the potential to be both powerful and quite misleading."  *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999).  Admission of this type of testimony in these circumstances would be substantially more prejudicial to comScore than it would be helpful to the jury.

## CONCLUSION

For the foregoing reasons, comScore requests the exclusion of any testimony regarding the functionality of Nielsen's NetSight system with fewer than eight IDV modules.

                              Respectfully submitted,

Date: November 7, 2011         By:   */s/ Courtney R. Forrest*
                                      Courtney R. Forrest (VSB No. 76738)
                                      Lindsay B. Burke (VSB No. 72773)
                                      Richard L. Rainey (*pro hac vice*)
                                      Kevin B. Collins (*pro hac vice*)
                                      Brian Bieluch (*pro hac vice*)
                                      Paul J. Wilson (*pro hac vice*)
                                      Erica N. Andersen (VSB No. 76466)
                                      Steven E. Robertson (VSB No. 78984)
                                      COVINGTON & BURLING LLP
                                      1201 Pennsylvania Avenue, NW
                                      Washington, DC 20004-2401
                                      cforrest@cov.com
                                      lburke@cov.com
                                      rrainey@cov.com
                                      kcollins@cov.com
                                      bbieluch@cov.com
                                      pwilson@cov.com
                                      eandersen@cov.com
                                      srobertson@cov.com
                                      Tel: (202) 662-6000
                                      Fax: (202) 662-6291

                                      K. Courtney Macdonald (VSB No. 77014)
                                      COVINGTON & BURLING LLP
                                      The New York Times Building
                                      620 Eighth Avenue
                                      New York, NY  10018
                                      cmacdonald@cov.com
                                      Tel:  (212) 841-1000
                                      Fax:  (212) 841-1010

                                      Stephen E. Noona (VSB No. 25367)
                                      KAUFMAN & CANOLES, P.C.
                                      150 W. Main Street, Suite 2100
                                      Norfolk, VA 23510
                                      senoona@kaufcan.com
                                      Tel: (757) 624-3239
                                      Fax: (757) 624-3169

                             *Attorneys for Plaintiff comScore, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 7th day of November 2011, I will electronically file *Plaintiff comScore, Inc.'s Memorandum of Law In Support of Its Motion in Limine No. 2 to Exclude Testimony Regarding Modification of Nielsen's NetSight System by Removing Individualization Modules and the Declaration of Megan P. Keane with Exhibits A–G* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Walter D. Kelley, Jr.
Tara Lynn R. Zurawski
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Tel:  (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com
   tzurawski@jonesday.com

  *Counsel for Defendants The Nielsen Company (US), LLC and NetRatings, LLC.*


Dated: November 7, 2011

            */s/ Courtney R. Forrest*
            Courtney R. Forrest (VSB No. 76738)
            Covington & Burling LLP
            1201 Pennsylvania Avenue, NW
            Washington, DC 20004-2401
            cforrest@cov.com
            Tel: (202) 662-5252
            Fax: (202) 778-5252

            *Counsel for Plaintiff comScore, Inc.*